UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| **NICHOLAS SANDMANN, by and through his parents and natural guardians, TED SANDMANN and JULIE SANDMANN,** | Civil Action No. 2:19-cv-00056-WOB-CJS |
| Plaintiffs, | |
| | Judge William O. Bertelsman |
| | Magistrate Judge Candace Smith |
| v. | **DEFENDANT NBCUNIVERSAL MEDIA, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE ALLEGATIONS IN PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| **NBCUNIVERSAL MEDIA, LLC,** | |
| Defendant. | |

## I.      INTRODUCTION

Plaintiff Nicholas Sandmann's ("Sandmann" or "Plaintiff") tome-like original complaint in this action (Doc. 1) consisted of 468 paragraphs spanning 92 pages (exclusive of exhibits, which added an additional 92 pages). Following this Court's dismissal of Sandmann's earlier-filed complaint against the WP Company LLC d/b/a The Washington Post in Case No. 2:19-cv-00019 on July 26, 2019, and after Defendant NBCUniversal Media, LLC ("Defendant" or "NBCUniversal") moved to dismiss the original complaint, Sandmann filed his First Amended Complaint on August 19, 2019 (Doc. 23) ("Amended Complaint"). Sandmann's Amended Complaint has ballooned to 631 paragraphs spanning 138 pages (exclusive of exhibits, which add 88 pages).

1

NBCUniversal seeks an order from the Court striking 39 paragraphs from the Amended Complaint. The subject paragraphs that are immaterial and impertinent to this action, and would impose an unnecessary burden on NBCUniversal were it compelled to defend this case.

## II.   ARGUMENT

### A.   Standard of Review

Federal Rule of Civil Procedure 12(f) allows a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter . . . on motion made by a party . . . before responding to the pleading." Although viewed with disfavor, a "court has 'liberal discretion' to strike such filings as it deems appropriate . . ." *Johnson v. County of Macomb*, No. 08-10108, 2008 WL 2064968, at *1 (E.D. Mich. May 13, 2008) (citing *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000)). "For example, a motion to strike should be granted where the complaint contains immaterial allegations that have no bearing on the subject matter of the litigation." *Johnson*, 2008 WL 2064968, at *1.

With respect to excessively verbose complaints, such as the one at issue, one district court explained well the utility of striking irrelevant allegations early in the proceeding:

> Failure of plaintiffs' counsel to draft their [c]omplaint in conformity with Rule 8, if not corrected at the beginning of proceedings in the case, certainly will involve serious consequences at the outset and in every phase of further proceedings prior to trial. Unless the [c]omplaint is redrafted in reasonable conformity to Rule 8, time, effort and expense may be devoted to interrogatories, document production, depositions, and other means of discovery in relation to subject matter totally irrelevant and valueless to any real issue in the case.

*Silver v. Queen's Hospital*, 53 F.R.D. 223, 227 (D. Hawaii 1971). Sandmann's Amended Complaint meets this description.

**B.      The Court should strike paragraphs 147 through 185 of the Amended Complaint.**

Rule 8(a) of the Federal Rules of Civil Procedure requires nothing more than "a short and plaint statement of the claim showing that the pleader is entitled to relief." The purpose of Civ.R. 8 "is to ensure that courts and adverse parties can understand a claim, and frame a response to it." *Resource N.E. of Long Island, Inc. v. Town of Babylon*, No. CV 97-6945 (ADS), 28 F. Supp. 2d 786 (E.D.N.Y. 1998). As made clear by the term "must," Rule 8 "*requires* Plaintiffs to edit and organize their claims and supporting allegations into a manageable format." *See Aaron v. Medtronic, Inc.*, Case No. 1:13-cv-301, 2013 U.S. Dist. LEXIS 130512, at *4 (S.D. Ohio Sept. 12, 2013) (emphasis added). A complaint that is excessively verbose and redundant fails to comply with these basic requirements. *See Shabazz v. Xerox*, Case No. 1:14-cv-578, 2014 U.S. Dist. LEXIS 116677, at **6-7 (S.D. Ohio July 23, 2014) (collecting cases dismissing complaints under Rule 8).

Plaintiff's Amended Complaint exceeds this standard in grandiose fashion. The vast majority of Plaintiff's new allegations make the Amended Complaint read more like a hit-piece about Nathan Phillips than a complaint designed to put NBCUniversal on notice of the nature of Sandmann's defamation claims. They describe Phillips's alleged "leftist activism"; his protest at the National Basilica the day after the incident depicted in the video at issue; Phillips's alleged lies about his Vietnam service; allegedly false claims of harassment made by Phillips in the past; and Phillips's purported criminal background. (*See* Doc. 23 (Amend. Compl.), Page ID#: 328-37, ¶¶ 147-85.)

Sandmann's sole cause of action in this action is one for common law defamation. (*See* Doc. 23 (Amend. Compl.), Page ID#: 346-428.) The elements of that tort require proof of "(a) a false and defamatory statement concerning [the plaintiff]; (b) an unprivileged publication to a third party; (c) fault amounting to at least negligence on the part of the publisher; and (d) actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Toler v. Süd-Chemie, Inc.*, 458 S.W.3d 276, 281-82 (Ky. 2015) (original formatting altered). No special heightened pleading standard applies to claims of defamation. *See Universal Health Group v. Allstate Ins. Co.*, No. 09-12524, 2010 WL 2278618, at *4 (E.D. Mich. May 12, 2010) ("The undersigned concludes that nothing in the Federal Rules suggests that pleading a defamation claim is subject to a higher pleading standard than any other claim.").

Sandmann's claims arise out of several television broadcasts and online news articles describing an incident caught on video between him and Nathan Phillips on the steps of the Lincoln Memorial in Washington, D.C. Sandmann alleges that statements Phillips made when describing that encounter defamed Sandmann, and that NBCUniversal is liable for their republication. (*See, e.g.,* Doc. 23 (Amend. Compl.), Page ID#:401-04, ¶¶ 457-61.)

The paragraphs NBCUniversal asks this Court to strike are immaterial and impertinent to the subject matter of this litigation, as they focus exclusively on Nathan Phillips's character, attempting to portray him as a "leftist" activist who was motivated to lie about his encounter with Sandmann to further his leftist agenda. They also include paragraphs alleging that Phillips previously lied about serving in Vietnam, and that he has a criminal background. The apparent implication of these paragraphs is that NBCUniversal should not have published anything Phillips said—including his eyewitness accounts—because he allegedly holds political beliefs hostile to the Trump administration, and Sandmann was wearing a "Make America Great Again"

4

hat when he encountered Phillips thus implying Sandmann's support for the Trump administration.

First, the twelve paragraphs Sandmann spends detailing Phillips's alleged prior political activism have no relevance to the subject matter of this action. Even if all of the allegations Plaintiff lodges against Phillips were true, courts have held that "the mere possibility that a source may be biased in some way or hold a subjective viewpoint does not, without more, create obvious reasons to doubt a source's accuracy or establish actual malice." *Montgomery v. Risen*, 197 F.Supp.3d 219, 263 (D.D.C. 2016). For example, whether Phillips was the subject of a documentary about a Native American family, or "lived at a camp in North Dakota near Standing Rock Indian Reservation to protect the Dakota Access Pipeline project," has no bearing on whether what Phillips said was opinion or was substantially true. (*See* Doc. 23 (Amend. Compl.), Page ID#: 329-31, ¶¶ 151-58.) Nor do these allegations have any bearing on whether NBCUniversal was negligent—much less acted with actual malice—when it interviewed Phillips or republished statements he made to the Washington Post. Phillips's alleged protest at the Washington D.C. Basilica the day after the incident is likewise irrelevant. (*Id.* at Page ID#: 331-32, ¶¶ 159-65.)

Next, and similarly irrelevant, are the five paragraphs Sandmann spends on allegations that Phillips lied about his service in Vietnam. (*Id.* at Page ID#: 333-34, ¶¶ 166-70.) Although Sandmann alleges that NBCUniversal defamed him by reporting that Phillips was a Vietnam veteran, nowhere in the Complaint does Sandmann allege that Phillips himself stated that he served in the Vietnam War to an NBCUniversal reporter in the context of this incident, and thus, his statements have no relevance to NBCUniversal's assessment of his credibility. Regardless, Phillips's statements about himself have no bearing on the subject-matter of this litigation.

Sandmann also includes thirteen paragraphs of allegations about an incident where Phillips allegedly claimed he was harassed by a group of students at Eastern Michigan University. (*Id.* at Page ID#: 334-336, ¶¶ 171-82.) Sandmann presumably includes these new allegations to suggest that the incident involving Sandmann was part of a pattern of Phillips wrongfully accusing students of harassing him. But does Sandmann intend to litigate the facts of this entirely separate incident, even though he admits that the students involved were never identified and no formal record of the incident exists? (*Id.* at Page ID#: 336, ¶ 182.) If so, this is precisely the type of "irrelevant and valueless" subject matter that—if allowed to remain as part of Sandmann's Complaint—could improperly force NBCUniversal to devote "time, effort and expense" in discovery. And if he does not intend to provide proof on these allegations, then the Court should strike them.

Last, Sandmann includes three paragraphs about Phillips's alleged "criminal background." (*Id.* at Page ID#: 336-37, ¶¶ 183-85.) These allegations amount to mere character assassination, and have no bearing on Sandmann's claims in this case. *See Silver*, 53 F.R.D. at 226 (striking complaint that "cast gratuitous aspersions upon persons not named as defendants").

## III.    CONCLUSION

For the reasons set forth, NBCUniversal respectfully asks that the Court grant its Motion to Strike, and strike paragraphs 147 through 185 from the Amended Complaint.

Respectfully submitted,

/s/ Darren W. Ford
John C. Greiner (*Pro Hac Vice*)
GRAYDON HEAD & RITCHEY LLP
312 Walnut St.
Suite 1800
Cincinnati, OH 45202
Phone: (513) 629-2734
Fax: (513) 333-4316
jgreiner@graydon.com

&

J. Stephen Smith (KBA #86612)
Darren W. Ford (KBA #95373)
GRAYDON HEAD & RITCHEY LLP
2400 Chamber Center Drive
Suite 300
Ft. Mitchell, KY 41017
Phone: (859) 578-3070
Fax: (859) 578-3071
ssmith@graydon.com
dford@graydon.com

ATTORNEYS FOR DEFENDANT

9752829.1