UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| **NICHOLAS SANDMANN**, by and through his parents and natural guardians, **TED SANDMANN and JULIE SANDMANN**,<br><br>Plaintiffs,<br><br>v.<br><br><br><br><br><br>**NBCUNIVERSAL MEDIA, LLC**,<br><br>Defendant. | Civil Action No. 2:19-cv-00056-WOB-CJS<br><br><br>Judge William O. Bertelsman<br>Magistrate Judge Candace Smith<br><br>**DEFENDANT NBCUNIVERSAL MEDIA, LLC'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE ALLEGATIONS IN PLAINTIFF'S FIRST AMENDED COMPLAINT** |

## I.  INTRODUCTION

Defendant NBCUniversal's objective in asking the Court to strike paragraphs 147 through 185 of the First Amended Complaint (FAC) is not to cause delay in the resolution of this case, but to narrow the issues on which NBCUniversal will be compelled to defend if the Court denies its Motion to Dismiss in whole or in part. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) ("The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." (internal quotations and original formatting omitted)). Simply put, NBCUniversal seeks to prevent this case from spawning a series of mini-trials regarding various prior episodes that Plaintiff believes shed light on Nathan Phillips's character, which would do no more than enable wild speculation about why, according to Plaintiff, Phillips allegedly misrepresented what he had witnessed at the Lincoln Memorial on January 18, 2019.

## II.     ARGUMENT

Plaintiff first argues that because NBCUniversal did not move to strike the allegations in Plaintiff's Original Complaint that Nathan Phillips falsely claimed "to have served in Vietnam," was a "professional activist with a known bias," and had a "history of making similar false accusations," NBCUniversal should now be foreclosed from moving to strike the additional 39 paragraphs of allegations he added to his FAC. (Doc. 35 (Pl.'s Resp. to Motion to Strike), Page ID#: 640.) NBCUniversal is not, however, bound by its response to Plaintiff's superseded Original Complaint. *See* Fed. R. Civ. P. 12(f) (allowing a court to strike materials in a pleading "on motion made by a party . . . before responding to the pleading"). And NBCUniversal agrees with Plaintiff that if the Court strikes paragraphs 147 through 185 of the Amended Complaint, it should likewise strike the three clauses that are now in paragraph 596 that reference those "flesh[ed] out" allegations.

But Plaintiff's argument elevates form over substance. A decision by the Court striking paragraphs 147 through 185 of the FAC would necessarily incorporate the conclusory allegations contained in paragraph 596, and relieve NBCUniversal of the need to prepare to litigate immaterial and impertinent matters that have no bearing on Plaintiff's entitlement to relief on his defamation claims.

The crux of Plaintiff's argument in his Response to NBCUniversal's Motion to Strike is that had NBCUniversal investigated Phillips's background, it would have known that he was an unreliable witness. In essence, Plaintiff contends that before reporting on the breaking story concerning the confrontation at the Lincoln Memorial and its viral aftermath, NBCUniversal should have connected a series of dots about Phillips's past conduct (and the Basilica protest) to conclude that his description of the events surrounding the incident depicted in the viral video was false, and that its failure to do so renders its publication of Phillips's statements actionable.

### A. Phillips's Alleged Past "Activism"

To justify interjecting Phillips's past "activism" into this case, Plaintiff argues that it "explains why Phillips sought out publicity following the January 18 incident and why he manufactured the 'confrontation' in the first place." (Doc. 35, at Page ID#: 641.) To make this argument, Plaintiff will need to establish that NBCUniversal had a duty to investigate Nathan Phillips's background before publishing his eyewitness account, and that Nathan Phillips's alleged "political activism" would have put a reasonable person on notice that he was unreliable.

Even assuming that Plaintiff could establish that NBCUniversal had a duty to conduct a background check on Nathan Phillips prior to publishing his eyewitness account of what led to the incident depicted in the viral video (an argument that—if accepted—would have grave implications for the First Amendment), Plaintiff cites no law for the proposition that "political activism" is an indicator of untruthfulness or lack of credibility. Plaintiff attempts to distinguish the decision of *Montgomery v. Risen*, 197 F. Supp. 3d 219 (D.D.C. 2016), cited by NBCUniversal in its Motion to Strike, arguing that NBCUniversal had "no reason to believe that Phillips's accusations were not fabricated." (Doc. 35 (Pl.'s Resp. to Motion to Strike), at Page ID#: 642.) But NBCUniversal did have reason to believe Phillips, because Phillips's participation in the incident depicted in the viral video was confirmed by the viral video itself.

Since Plaintiff cannot charge NBCUniversal with publishing the statements of someone it had "no reason to believe," Plaintiff is left with the unsupported argument that political activism is akin to untruthfulness or unreliability. The United States District Court for the District of Columbia recently rejected a similar argument in *Arpaio v. Zucker*, No. 18-2894 (RCL), 2019 WL 5653660 (D.D.C. Oct. 31, 2019). In that case, Sheriff Joe Arpaio argued that the media defendants acted with "actual malice" because they were "motived by 'malice and leftist enmity'" when they published the

3

allegedly false defamatory fact that he had been sent to prison on a contempt conviction. *Id.* at *5. The court rejected Arpaio's argument, holding that "[e]ven assuming the alleged 'leftist enmity' is real, the motivations behind defendants' communications—inspired by political differences or otherwise—do not impact whether defendants acted with actual malice as a matter of law." *Id.*

Indeed, Plaintiff's argument is particularly ironic given that the entire premise of Plaintiff's case is his allegation that people unjustifiably ascribed racist or bigoted motives to him for standing face-to-face with a Native American while wearing a MAGA hat following his participation in an anti-abortion march. Yet he now asks this Court to find that one's prior political activism alone should put a reasonable person on notice that that person cannot be trusted to tell the truth.

### B. Alleged Washington D.C. Basilica Protest

For the same reason, Phillips's post-incident protest at the Basilica offers no proof that NBCUniversal should have known that Phillips was an unreliable eyewitness. Plaintiff writes: "Phillips—far from being an innocent victim—demonstrated during his protest that he was leading the group and that he was *strident in his hatred of the Catholic Church.*" (Doc. 35 (FAC), Page ID#: 644 (emphasis added).) With this argument Plaintiff (and his attorneys) telegraph their true intentions in trying to interject Phillips's motives for protesting at the Washington D.C. Basilica into this case: to inflame the passions of the jury.

Does Plaintiff intend to prove that Nathan Phillips's protest at a Catholic church proves that he hates the Catholic Church, and more pertinent, that he hates Catholics and would knowingly lie about events he witnesses because they involved a student at a Catholic high school? Surely not. Instead, Plaintiff intends to employ spurious allegations of anti-Catholic bigotry to inflame the passions of the jury against Nathan Phillips. By its Motion to Strike, NBCUniversal seeks to avoid letting this case turn into a wholesale indictment of Nathan Phillips's character.

### C. Alleged False Statement Regarding Vietnam Service

Even less relevant is Plaintiff's allegation that Phillips lied about serving in Vietnam. Plaintiff does not allege that Phillips made any statements to NBCUniversal about his service in that war in connection with NBCUniversal's reporting on the viral video. And since those statements were not about Plaintiff—but Phillips—NBCUniversal would have had no cause to investigate whether they were true. Plaintiff's argument that "[a] source who lies about his background is entitled to no credibility" presupposes that NBCUniversal had a duty to investigate every fact reported about Phillips (who he has not sued for defamation), and that it knew that Phillips had not served in Vietnam. Plaintiff does not, of course, allege anywhere that NBCUniversal knew that Phillips had lied about his Vietnam service when it published his statements about the incident depicted in the viral video. To the contrary, Plaintiff acknowledges that NBCUniversal did not initially know Phillips had allegedly lied about his Vietnam service. (Doc. 35 (Pl.'s Resp. to Motion to Strike, at Page ID#: 645 (alleging that NBCUniversal published an update stating that Phillips "was not deployed in Vietnam"). Given NBCUniversal's lack of knowledge that this statement was untrue; the fact that it was not about the incident; and the fact that it had nothing to do with Plaintiff, it can have no bearing on whether NBCUniversal was negligent in publishing Phillips's statement about the incident depicted in the viral video.

### D. Alleged Eastern Michigan University Incident

In defense of including the Eastern Michigan University incident in which Phillips complained of harassment by a group of students, Plaintiff impliedly concedes that he cannot prove whether Phillips was in fact harassed, but asserts that it doesn't matter because the stories were similar. (*Id.* at Page ID#: 647-48.) Specifically, Plaintiff argues that "[r]egardless of whether the April 2015 incident actually occurred, it bears on NBCUniversal's negligence that is republished a

5

story by Phillips that sounds *exactly* like a previous report by Phillips . . ."[1] (*Id.* at Page ID#: 648 (emphasis in original).) Plaintiff fails to explain, however, how Phillips's prior statements of having been harassed—which as far as Plaintiff or anyone else can prove were true—would put NBCUniversal on notice that Plaintiff's statements about the Washington Mall incident were false. This is particularly true given that the Washington Mall incident was captured in the viral video, which was the focus and subject of NBCUniversal's reporting.

Worse, Plaintiff's disingenuous argument that whether the incident occurred or not is immaterial to his ability to interject it into this lawsuit highlights the need to remove the issue from the case now, rather than force NBCUniversal to contend with it in discovery. Plaintiff has made clear that he intends to argue that the mere fact that these incidents, according to him, were "eerily similar," allows him to use them to show that Phillips was an unreliable eyewitness. (*Id.* at Page ID#: 647.) This despite the fact that Plaintiff has not alleged that NBCUniversal was aware of Phillips's prior statements, but rather only that it should have been. (*See* Doc. 23 (FAC), Page ID#: 432, ¶ 598 ("NBCUniversal consciously elected to ignore this contrary information in favor of its pre-conceived narrative against President Trump and his supporters.").)

The question is therefore whether NBCUniversal, must conduct discovery to establish whether Phillips was telling the truth about a prior incident of harassment, even though the prior incident had no relevance to the Lincoln Memorial incident. But at least according to Plaintiff's own allegations, it would be impossible for NBCUniversal to find any information about the incident beyond Phillips's own version, since "[t]here was never any identification of the students who allegedly taunted Phillips, and there is no available record that any type of disciplinary actions were

---

[1] To say the Eastern Michigan University incident was <u>exactly</u> like the Washington Mall incident is a gross overstatement. The Eastern Michigan University incident involved a college theme party, not a political protest. And to suggest that it is somehow suspicious that a Native American would be harassed over his ethnicity on more than one occasion is patently absurd.

taken by the university or the police." (*Id.* at Page ID#: 336, ¶ 182.) Striking these allegations now thus avoids the need to turn the Eastern Michigan University incident into its own mini-trial.

      **E.**    **Phillips's Alleged Criminal Background**

Last, Plaintiff defends his inclusion of Phillips's criminal background on the ground that it is relevant to NBCUniversal's negligence in publishing Phillips's statements, but fails to explain how. None of the crimes Plaintiff alleges Phillips committed were crimes of dishonesty. And the fact that Phillips was caught on video bragging about assaulting someone does not make him an unreliable eyewitness, and indeed, seems to have no relevance to his criminal background. At most, Plaintiff appears to want to make this case about whether Phillips is or is not a likeable person, an irrelevant inquiry, to distract from the issue of whether NBCUniversal—with knowledge that Phillips was an eyewitness to what occurred at the Lincoln Memorial—was nevertheless negligent in publishing Phillips's statement about what he observed and perceived during that incident.

**III.**    **CONCLUSION**

For the reasons set forth, NBCUniversal respectfully requests that the Court GRANT its Motion and strike paragraphs 147 through 185, and the referenced portions of paragraph 596, from the FAC.

                        Respectfully submitted,

                        /s/ John C. Greiner
                        John C. Greiner (*Pro Hac Vice*)
                        GRAYDON HEAD & RITCHEY LLP
                        312 Walnut St.
                        Suite 1800
                        Cincinnati, OH 45202
                        Phone: (513) 629-2734
                        Fax: (513) 333-4316

jgreiner@graydon.com

&

J. Stephen Smith (KBA #86612)
Darren W. Ford (KBA #95373)
GRAYDON HEAD & RITCHEY LLP
2400 Chamber Center Drive
Suite 300
Ft. Mitchell, KY 41017
Phone: (859) 578-3070
Fax: (859) 578-3071
ssmith@graydon.com
dford@graydon.com

ATTORNEYS FOR DEFENDANT

9870771.2