IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

CIVIL ACTION NO. 2:19-00056 (WOB-CJS)

NICHOLAS SANDMANN                                              PLAINTIFF

VS.                  **MEMORANDUM OPINION AND ORDER**

NBCUNIVERAL MEDIA, LLC                                         DEFENDANT

*Introduction*

This matter is before the Court on the motion of defendant NBCUniversal Media ("NBC") to dismiss the First Amended Complaint ("FAC"). (Doc. 29). The FAC was filed as a matter of right by the plaintiff because defendant had moved to dismiss the original complaint. Fed. R. Civ. P. 15(a)(1)(B).

The FAC runs 139 pages, including exhibits. The subject matter is very similar to the two other libel actions by the plaintiff which are pending in this Court. *Sandmann v. WP Co. LLC*, Case No. 19cv19; *Sandmann v. Cable News Network, Inc.*, Case No. 19cv31.

The Court recently denied in part motions to dismiss filed in those two cases, and the issues here are similar. Therefore, the Court deems oral argument unnecessary.

Plaintiff's claims against all three defendants in these cases arise out of an incident that occurred at the site of the

Lincoln Memorial in Washington, D.C.  NBC, as did the other defendants, published news stories stating, *inter alia*, that plaintiff "blocked" the way of one Nathan Phillips, a Native-American elder, whom he encountered at the Memorial, and that plaintiff did not allow Phillips to retreat.

The FAC alleges that these statements were false and libelous. It alleges further that plaintiff was readily identifiable due to pictures of him published on the internet.  The FAC also alleges that these broadcasts and articles were published maliciously or negligently and that plaintiff suffered emotional distress as a result.  Plaintiff seeks both compensatory and punitive damages.

The motion to dismiss in this matter must be granted in part and denied in part for the same reasons discussed in the two related pending cases.

## *Analysis*

The test under Kentucky law for a statement or news broadcast to be libelous is well established.

A communication is defamatory "if it tends to (1) bring a person into public hatred, contempt or ridicule; [or] (2) cause him to be shunned or avoided. . ." 13 David J. Leibson, *Kentucky Practice, Tort Law* § 15:2 (2nd ed. 2008) (quoting *McCall v. Courier-Journal and Louisville Times Co.*, 623 S.W.2d 882, 884 (Ky. 1981)).

2

The FAC alleges that this is exactly what occurred to the plaintiff. (FAC ¶¶ 619, 624). The FAC specifically alleges that, because of these publications, plaintiff became "the subject of overwhelming public hatred, contempt, disgrace and scorn from the public. (FAC ¶ 207).

At the pleading stage, plaintiff is entitled to have all inferences drawn in his favor. The Court also notes that, while it has viewed the videos filed in the record, it does not rely on them here as testimony will be necessary to lay a foundation for their admission.

Therefore, as in the two related cases, the Court finds that the statements that plaintiff "blocked" Phillips or did not allow him to retreat, if false, meet the test of being libelous *per se* under the definition quoted above.[1]

Therefore, the Court having reviewed this matter, and being advised,

**IT IS ORDERED:**

(1) The Motion to dismiss the First Amended Complaint (Doc. 29) be, and is hereby, **GRANTED IN PART AND DENIED IN PART**, consistent with the above discussion;

(2) The case shall proceed to the discovery and summary judgment phases;

---

[1] FAC ¶¶ 402(c), 457(d)(e), 500(f), 549(c).

3

(3) The defendant shall participate in the preliminary pretrial conference set in the two related cases on **January 7, 2020 at 1:00 p.m.,** observing all requirements of the Court's orders setting such conference; and

(4) That copies of those orders are attached herewith and incorporated by reference.

This 21st day of November 2019.



**Signed By:**
**_William O. Bertelsman_** WOB
**United States District Judge**